**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

KRZYSZTOF F. WOLINSKI,

        Plaintiff,

    v.

TRAN, et al.,

        Defendants.

No.  2:25-CV-2410-DJC-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for leave to proceed in forma pauperis.  See ECF No. 8.  For the reasons discussed below, the Court finds that Plaintiff is not entitled to proceed in forma pauperis.

The Prison Litigation Reform Act's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> Id.

///

1

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies.  The alleged imminent danger must exist at the time the complaint is filed.  See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007).  A prisoner may meet the imminent danger requirement by alleging that prison officials continue with a practice that has injured him or others similarly situated in the past, or that there is a continuing effect resulting from such a practice. See Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2014).

This action proceeds on Plaintiff's complaint initially filed in Wolinski v. Lamas, et al., 2:23-cv-1467-DJC-DMC-P (Wolinski I) on July 21, 2023.  On August 25, 2025, the complaint in Wolinski I was severed due to misjoined claims and two new actions were opened – Wolinski v. Butterfield, et al., 2:25-cv-2408-DJC-DMC-P (Wolinski II) and the current action (Wolinski III).  See ECF No. 38 in Wolinski I.  The current action now proceeds on Plaintiff's Eighth Amendment medical care claim against Defendants Tran, Osman, and Nandy.  See id. Plaintiff filed the pending application for leave to proceed in forma pauperis in this action on October 28, 2025.  See ECF No. 8.

Plaintiff is not entitled to proceed in forma pauperis because he accrued three or more "strikes" prior to initiating this action with his complaint in Wolinski I on July 21, 2023. The Court takes judicial notice of the case file in Wolinski v. Allison, et al., 2:22-cv-0451-KJM-EFB-P, in which the court determined that Plaintiff was not eligible to proceed in forma pauperis due to three or more prior actions having been dismissed for failure to state a claim.  See Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967) (holding that the court may take judicial notice of its own records).  The Court finds that this case establishes the requisite prior "strikes" for purposes of 28 U.S.C. § 1915(g).  The Court further finds that the imminent danger exception does not apply as to Plaintiff's claims in this case concerning the denial of medical care. Specifically, Plaintiff has not alleged facts to suggest that there was a pattern of continued denial of medical care through the date he initially filed suit in July 2023.

/ / /

2

Based on the foregoing, the undersigned recommends as follows:

1. Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 8, be denied.

2. Plaintiff be required to pay the full $350.00 filing fees for this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 9, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3